Al Mohajerian. Esq. (SBN 182013)
MOHAJERIAN, a Professional Law Corporation
al@mohajerian.com
1901 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
Telephone:   (310) 556-3800
Facsimile:   (310) 556-3817

Attorneys for Plaintiff
PURETEK CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PURETEK CORPORATION, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PATCHWERX LABS, INC., a Delaware corporation, PAUL SMITH, an individual, GULF COAST PHARMACEUTICALS PLUS INC., a Mississippi Corporation, SAFE CHAIN SOLUTIONS, LLC, a Maryland Limited Liability Company, and MAXIMED, A New York Corporation,<br><br>Defendants. | Case No.  2:15-cv-07044 (MMM (JPRx)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1)** TRADEMARK INFRINGEMENT IN VIOLATION OF LANHAM ACT;<br>**(2)** FALSE DESIGNATION OF ORIGIN IN VIOLATION OF LANHAM ACT;<br>**(3)** DILUTION OF TRADEMARK<br>**(4)** COMMON LAW TRADEMARK INFRINGEMENT IN VIOLATION OF LANHAM ACT;<br>**(5)** UNFAIR BUSINESS PRACTICES; INJUNCTIVE RELIEF (CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.);<br>**(6)** COMMON LAW UNFAIR COMPETITION;<br>**(7)** UNJUST ENRICHMENT.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff PURETEK CORPORATION ("Plaintiff" or "PureTek") complains

and alleges as follows against Defendants PATCHWERX LABS, INC., PAUL

-1-

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

SMITH, GULF COAST PHARMACEUTICALS PLUS INC., SAFE CHAIN SOLUTIONS, LLC, and MAXIMED (collectively, "Defendants").

## NATURE OF THE ACTION

1.     This trademark infringement case arises under 15 U.S.C. § 1114, including state law claims over which the court has supplemental jurisdiction because Defendants' complained of conduct arises out of the same case or controversy. The state law claims include common law trademark infringement, unfair business practices under California Business and Professions Code § 17200, et seq., and unjust enrichment.

## THE PARTIES

2.     PureTek is a California corporation with its principal place of business at 1050 Arroyo Avenue, San Fernando, CA 91340.

3.     On information and belief, defendant PATCHWERX LABS, INC. ("PATCHWERX LABS") is a Delaware corporation with its principal place of business at 1351 S. Clearview Ave., Mesa, Arizona 85209.

4.     On information and belief, defendant PAUL SMITH is an individual residing and working in San Francisco, California in his capacity as Vice President of Sales in North America for PATCHWERX LABS ("MR. SMITH").

5.     On information and belief, defendant GULF COAST PHARMACEUTICALS PLUS INC. ("GULF COAST") is a Mississippi Corporation with its principal place of business at 995A North Halstead Road,

-2-

Ocean Springs, MS 39564.

On information and belief, defendant SAFE CHAIN SOLUTIONS, LLC, ("CHAIN SOLUTIONS") is a Maryland Limited Liability Company, and a Benchworks company, with its principal place of business at 822 Chesapeake Drive, Cambridge, MD 21613.

6.     On information and belief, defendant MAXIMED, A New York Corporation, ("MAXIMED") is a New York corporation with its principal place of business at 105 West 86th Street, Suite #226, New York, NY 10024.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 17 U.S.C. § 501 (copyright infringement); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

8.     This Court has personal jurisdiction over Defendants because they have committed or will commit acts of infringement in violation of 15 U.S.C. § 1114 and, on information and belief, have or will place infringing products into the stream of commerce, with the knowledge or understanding that such products will be sold in the State of California, including in this District.   Defendants' complained of conduct will cause injury to Plaintiff within this District. Upon information and

-3-

belief, Defendants have sold or intend to sell their infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate commerce.

9.    Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c) because Defendants transact business within this district and have offered or intends to offer for sale in this district products that infringe the Plaintiff's Trademarks, including the <u>DERMACINRx</u> and <u>DERMACIN</u> trademarks. In addition, venue is proper because a substantial part of the events giving rise to the claim occurred in this district.

## **FACTUAL BACKGROUND**

10.    Since 2004, PureTek has used in commerce its top-quality skin care products designed to provide relief for irritating inflammatory and pruritic skin conditions caused by numerous etiologies such as eczema, allergic reactions, irritating keloid and hypertrophic scars, psoriasis, and allergic reactions under the <u>DERMACINRx</u> and <u>DERMACIN</u> trademarks, including: "<u>DermacinRx SilaPak</u>" (triamcinolone acetonide cream kit), "<u>DermacinRx Sila Pak</u>" (triamcinolone acetone cream, dimethicone cream kit), "<u>DermacinRx Penetral Cream</u>" and "Penetral Cream", "*DermacinRx Inflammatral Pak*", "<u>DermacinRx Surgical ComboPak</u>" and "<u>DermacinRx Surgical Pharma Pak</u>", as shown by the lettering in its labels and packing (the "<u>DERMACINRX Family of Trademarks</u>" or "<u>DERMACINRX Family of Products</u>").

-4-



Figure 1 – Plaintiff PURETEK's DermacinRx Infammatral Pak

Figure 2 – Plaintiff PURETEK's Dermacin Rx SilaPak

11.    Since September 18, 2007, Plaintiff PureTek has been the owner of the United States federal trademark registration for <u>DERMACIN®</u>, in STANDARD CHARACTER MARK, U.S. Registration No. 3, 294, 679, under International Classes 003. US 001 004 006 050 051 052 for the "*[n]onmedicated cosmetic preparation based on peptides sold as an integral component of cosmetics, specifically, lotions, gels, oils, creams to reduce the appearance of wrinkles, fine lines, stretch marks and skin blemishes. FIRST USE: 20040913. FIRST USE IN COMMERCE: 20040913*."

12.    Today, Plaintiff PureTek's <u>DERMACINRx Family of Products</u> are distributed in 42 states throughout the United States.

-5-

13.     At all relevant times, Defendants were without authorization to market, sell or distribute any of the <u>DERMACINRx Family of Products</u>.

14.     At no time did Plaintiff Puretek grant permission, license and/or authorization to PATCHWERX LABS and/or MR. SMITH to market, sell, distribute or in any way use any the <u>DERMACINMRx Family of Products</u>.

15.     On or about August 1, 2015, Plaintiff learned that Defendant PATCHWERX LABS, without authorization, permission or license from Plaintiff, purported to market products under the name DERMA*SILK*Rx, with the false representation that such infringing "DERMA*SILK*Rx" products contained Plaintiff PureTek's proprietary <u>DERMACINRX</u> ingredients.   Defendant PATCHWERX LABS, INC.'s proposed packaging and design for its infringing DERMA*SILK*Rx products, including "Derma*Silk*Rx DiscloPak" (diclofenac sodium delayed release tablets, ranitidine tablets, capsaicin cream), "Derma*Silk* RxDiscloPak" (diclofenac sodium delayed release tablets, capsaicin cream) and "Derma*Silk*Rx SDS Pak" (Triamcinolone Acetonide Cream, Dimethicone Cream) are shown as follows:

Figure 3 – DEFENDANTS' infringing "Derma*Silk* RX DicloPak" packaging

16.    On or about August 1, 2015, Plaintiff learned that PAUL SMITH, identifying himself as Vice President of Sales in North America for Defendant PATCHWERX LABS, had been marketing the Knock-off DERMA*SILK*Rx Products to Plaintiff's customers and buyers.

17.    On or about August 1, 2015, Plaintiff learned that PATCHWERX LABS was falsely representing to the public that its Infringing DERMA*SILK*Rx Products contain "PENETRAl" when Plaintiff gave no authorization or license to use its proprietary formulation.  At the same time, Plaintiff learned that Defendant falsely and without authorization used the proprietary "DermacinRx® Skin Repair

-7-

1  Complex" in Defendants' National Drug Code listing for an infringing

2  DERMA*SILK*Rx product.  Below is a true and accurate comparison between the

3  formulations of the parties' respective products:

| DERMACINRX® SILAPAK™SILICONE TAPE<br><br>By Plaintiff PURETEK CORPORATION | DERMASILKRX SDS<br><br>By DEFENDANT PATCHWERX LABS, INC. |
|---|---|
| Triamcinolone Acetonide Cream<br>USP 0.1% 80gm | Triamcinolone Acetonide Cream<br>USP 0.1% 80gm |
| **DermacinRx® Skin Repair Complex**<br>(Dimethicone 5%} | **DermacinRx® Skin Repair Complex**<br>(Dimethicone 5%} |
| Silicone Tape | Silicone Tape |
| Indications for use: Provides relief for irritating inflammatory and puritic skin conditions caused by numerous etiologies such as Eczema, Allergic Reactions, Psoriasis, Irritating Keloids or Hypertrophic Scars. | Indications for use: Provides relief for irritating inflammatory and puritic skin conditions caused by numerous etiologies such as Eczema, Allergic Reactions, Psoriasis, Irritating Keloids |
| *Aleurites moluccana* seed oil | *Aleurites moluccana* seed oil |
| *Aloe barbadensis (Aloe vera)* leaf juice | *Aloe barbadensis (Aloe* vera) leaf juice |
| butylene glycol | butylene glycol |
| caprylyl glycol | caprylyl glycol |
| *Carthamus* tinctorius (safflower)<br>seed oil | *Carthamus tinctorius* (safflower)<br>seed oil |
| cetyl alcohol | cetyl alcohol |
| disodiumEDTA | disodiumEDTA |
| fragrance | fragrance |
| glycerin | glycerin |
| glyceryl stearate | glyceryl stearate |
| **DermacinRx Complex®** [consisting of: bisabolol, calcium pantothenate (vitamin $B_5$), *Carthamus tinctorius* (safflower) oleosomes, maltodextrin, niacinamide (vitamin $B_3$), pyridoxine HCl (vitamin $B_6$), silica, sodium ascorbyl phosphate (vitamin C), sodium starch octenylsuccinate, tocopheryl acetate (vitamin E), *Zingiber officinale* (ginger) root extract] | **DermacinRx Complex®** [consisting of: bisabolol, calcium pantothenate (vitamin $B_5$), *Carthamus tinctorius* (safflower) oleosomes, maltodextrin, niacinamide (vitamin $B_3$), pyridoxine HCl (vitamin $B_6$), silica, sodium ascorbyl phosphate (vitamin C), sodium starch octenylsuccinate, tocopheryl acetate (vitamin E), *Zingiber officinale* (ginger) root extract] |

-8-

| PEG-100 stearate | PEG-100 stearate |
|---|---|
| pentaerythrityl tetra-di-t-butyl hydroxyhydrocinnamate | pentaerythrityl tetra-di-t-butyl hydroxyhydrocinnamate |
| phenoxyethanol | phenoxyethanol |
| purified water | purified water |
| sodium hyaluronate | sodium hyaluronate |
| stearic acid | stearic acid |
| triethanolamine. | triethanolamine. |

18.   DEFENDANTS, none of them, had any reasonable grounds for believing that they had authorization to market the distinctive DERMACINRx Family of Products.

19.   By their misrepresentation of fact and false affiliation between Defendants' knock-off DERMA*SILK*Rx products and Plaintiff's distinctive DERMACINRx Family of Products, Defendants intend to induce buyers, the Food and Drug Administration, the National Institute of Health and members of the public to rely on Defendants' referenced false representation.

20.   On or about August 1, 2015, Plaintiff learned that Defendants were contacting Plaintiff's clients falsely claiming to be "DermacinRx" and offering Plaintiff's products (not theirs) at a lower price. However, when the customer indicated readiness to place an order, Defendants switched the order to their knock-off DERMA*SILK*Rx products.

21.   On or about September 15, 2015, Plaintiff PureTek learned that Defendant CHAIN SOLUTIONS purchased a large quantity of PATCHWERX LABS' knockoff "DERMA*SILK*Rx" products and was preparing to market for sale

-9-

to PureTek's medical trade clients.

22.    On or about September 22, 2015, PureTek learned that PATCHWERX LAB, through defendants SAFE CHAIN, MAXIMED and GULF COAST, was aggressively marketing the knock-off DERMA*SILK*Rx products on the Internet, and promising customers a lower price for DERMA*SILK*Rx.  (See **Exhibit A**.)

### **FIRST CLAIM FOR RELIEF**

(Federal Trademark Infringement – 15 U.S.C. §§ 1114, 1116)

AGAINST ALL DEFENDANTS

23.    Plaintiff incorporates and realleges paragraphs 1 through 22 of this Complaint.

24.    As early as August 9, 2004, Plaintiff has offered their DERMACINRx family of nonmedicated cosmetic preparation in International Classes 003. US 001 004 006 050 051 and 052 throughout the United States depicted in Reg. No.  3, 294, 679.  (**Exhibit B**.)

25.    Specifically, on August 9, 2004, Plaintiff PureTek filed a United States Service Mark Application in the United States Patent and Trademark Office ("USPTO") for the mark DERMACIN (Serial No. 78/464248) covering "*Nonmedicated cosmetic preparation based on peptides sold as an integral component of cosmetics, specifically, lotions, gels, oils, creams to reduce the appearance of wrinkles, fine lines, stretch marks and skin blemishes. FIRST USE: 20040913. FIRST USE IN COMMERCE: 20040913," in Classes IC 003. US 001*

-10-

*004 006 050 051 and 052*".  (the "DERMACIN® Application").  (**Exhibit C**.)

26.     The similarity between Plaintiff's distinctive <u>DERMACINRx Family of Trademarks</u>, on the one hand,   and Defendants' Infringing DERMA*SILK*Rx Products, on the other hand,  will create confusion among consumers as to the origin of the product name given that both names are substantially similar and even the product logo designs for <u>DERMACINRx</u> and DERMA*SILK*Rx, as follows:



| Figure 4 – Plaintiff's DERMACINRX Logo | Figure 5 – DEFENDANTS' Infringing DERMASILKRX Logo |

27.     Defendants' knock-off DERMA*SILK*Rx products and infringing conduct are likely to cause confusion or mistake, or to deceive the consumer as to the affiliation, connection or association with the <u>DERMACINRx Family of Trademarks</u> of Defendants' goods, services or commercial activities.

28.     Defendants' use of the infringing DERMA*SILK*Rx products enables Defendants to benefit unfairly from Plaintiff's reputation and success, thereby giving Defendants' infringing sales for the knock-off DERMA*SILK*Rx products and commercial value they would not have otherwise.  (See **Exhibit  D**.)

29.     Plaintiff is informed and believes, and on that basis alleges, that Defendants intend to gain profits by virtue of their infringement of the

-11-

DERMACINRx Family of Trademarks, including but not limited to the federally registered DERMACIN trademark (U.S. Reg. No. 3, 294, 679).

30.     Plaintiff PureTek will suffer irreparable harm from Defendants' infringement of the DERMACINRx Family of Trademarks insofar as Plaintiff's invaluable goodwill will be eroded by Defendants' continuing infringement.

31.     Plaintiff has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from Defendants' infringing activities.

32.     Pursuant to 15 U.S.C. § 1116, Plaintiff PureTek is entitled to an injunction against Defendants' continuing infringement of the DERMACINRx Family of Trademarks. Unless enjoined, Defendants will continue their infringing conduct.

## SECOND CLAIM FOR RELIEF

(False Designation Of Origin - 15 U.S.C. SECTION 1125)

AGAINST ALL DEFENDANTS

33.     Plaintiff incorporates and realleges paragraphs 1 through 32 of this Complaint.

34.     The distribution, display and sale of Defendants' Infringing DERMA*SILK*Rx Products that are virtually indistinguishable from authentic DERMACINRx products constitutes a false designation of origin, false description and a false representation that Defendants' infringing products originate from, or are

-12-

sponsored or authorized by PureTek.

35.    Defendants' activities in advertising, marketing and selling counterfeit products with PureTek's trademarks constitute violation of section 43 (a) of the Lanham Act, 15 U.S.C. 1125 (a).

36.    As a result of Defendants' distribution, display and sale of counterfeit DERMACINRx products, in the form of Defendants' knock-off "DERMA*SILK*Rx" products, PureTek has lost sales and profits and has suffered and will continue to suffer irreparable injury to its business reputation and goodwill.

37.    By reason of Defendants' acts of false designation, false description and false representation as alleged above, PureTek has suffered and will continue to suffer substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained.

38.    Defendants acts of false designation, false description and false representation as alleged above have caused PureTek irreparable injury and Defendants' threaten to continue to commit such acts, and unless restrained and enjoined, will continue to do so, all to PureTek 's irreparable injury.

39.    PureTek's remedy at law is not adequate to compensate it for injuries inflicted and threatened.

**THIRD CLAIM FOR RELIEF**

(Dilution of Trademark - 15 U.S.C. SECTION 1125)

AGAINST ALL DEFENDANTS

-13-

40.   Plaintiff incorporates and realleges paragraphs 1 through 39 of this Complaint.

41.   As previously set forth herein, Plaintiff's <u>DERMACINRx Family of Trademarks</u> are distinctive and famous within the meaning of section 43 (c) of the Lanham Act, 15 U.S.C. section 1125 (c).

42.   After Plaintiff's <u>DERMACINRx Family of Trademarks</u> became famous, Defendants distributed and/or sold counterfeit "<u>DERMACINRx</u>" products bearing counterfeit copies of one or more of the <u>DERMACINRx Family of Trademarks</u> with Defendants' knock-off DERMA*SILK*Rx products.

43.   Defendants' acts tend to and do falsely create the impression with consumers that the counterfeit <u>DERMACINRx</u> products sold by retailers are authorized or affiliated with Plaintiff, and are of the same high quality and come with the same guarantees as genuine Plaintiff's products, when they do not. The aforesaid acts are likely to dilute the distinctive quality of Plaintiff's trademarks in violation of the Lanham Act, 15 U.S.C. §1125 (c).

44.   Plaintiff is informed and believes that Defendants committed these acts with the intent to trade on Plaintiff's famous reputation and/or to cause dilution of Plaintiff's <u>DERMACINRx Family of Trademarks</u>.

45.   As a result of the foregoing, Plaintiff has no adequate remedy at law and is suffering irreparable harm. Plaintiff is entitled to injunctive relief and all other

-14-

appropriate remedies under this statute.

## **FOURTH CLAIM FOR RELIEF**

(Common Law Trademark Infringement)

AGAINST ALL DEFENDANTS

46.   Plaintiff incorporates and realleges paragraphs 1 through 45 of this Complaint.

47.   Plaintiff has prior rights in the DERMACIN® mark (U.S. Trademark, Reg. No. 3, 294, 679), as well as its unregistered trademarks in the "DERMACINRx" and "PENETRAL" proprietary names.  (**Exhibit B** hereto.)

48.   Defendants' infringing DERMASILKRx products have infringed or will infringe the Plaintiff's DERMACINRx Family of Trademarks by using identical or similar logos and artwork in the knock-off DERM*SILK*RX's products, specifically the Defendant PATCHWERX LABS' false and misleading reference to "DERMCINRx" in their National Institute of Health ("NIH") listing.  (See **Exhibit E** at page 2 thereof).

49.   Defendants' use of its infringing logos and artwork is likely to cause confusion or mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval by Plaintiff of Defendants' goods, services or commercial activities.

50.   Prior to Defendants' first use of the infringing logos and artwork, Defendants were aware of Plaintiff's business and had either actual notice and

-15-

knowledge, or constructive notice of the <u>DERMACINRx Family of Trademarks</u>.

51.    Defendants' unauthorized use of the infringing logos and artwork is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of the Defendants' infringing "DERMA*SILK*Rx" line of products and/or to cause confusion or mistake as to any affiliation, connection or association between "<u>DERMACINRx</u>" and "DERMA*SILK*Rx," in violation of 15 U.S.C. § 1114(a). Plaintiff is informed and believe, and on that basis alleges, that Defendants' infringement of the <u>DERMACINRx Family of Trademarks</u> as described herein has been and continues to be intentional, willful and without regard to Plaintiff's rights in the <u>DERMACINRx Family of Trademarks</u>.

52.    Plaintiff is informed and believes, and on that basis allege, that Defendants will gain profits by virtue of its infringement of the <u>DERMACINRx Family of Trademarks</u>.  (See **Exhibit A**.)

53.    Plaintiff will suffer irreparable harm from Defendants' infringement of the <u>DERMACINRx Family of Trademarks</u> insofar as its invaluable goodwill is being eroded by Defendants' continuing infringement.  Plaintiff has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and goodwill flowing from Defendants' infringing activities. Plaintiff is entitled to an injunction against Defendants' infringement of the <u>DERMACINRx Family of Trademarks</u>.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

54.    Unless enjoined, Defendants will continue the infringing conduct.

55.    Because Defendants' actions have been committed with intent to damage Plaintiff and to confuse and deceive the public, Plaintiff is entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 1117(b).

**FIFTH CLAIM FOR RELIEF**

(Unfair Business Practices – Cal. Bus. & Prof. Code § 17200, et seq.)

AGAINST ALL DEFENDANTS

56.    Plaintiff incorporates and realleges paragraphs 1 through 55 of this Complaint.

57.    The acts of Defendants described above constitute unfair competition through unlawful, unfair or fraudulent business practices and/or unfair, deceptive, untrue or misleading advertising, as defined by California Business & Professions Code § 17200, et seq.

58.    Plaintiff has valid and protectable prior rights in the DERMACINRx Family of Trademarks. Plaintiff's DERMACINRx Family of Trademarks do not serve any function other than to identify DERMACINRx, as the source of its FDA approved products. The DERMACINRx Family of Trademarks are inherently distinctive, and, through Plaintiff's long use, have come to be associated solely with Plaintiff PureTek as the source of the product(s) on which they are used.

-17-

59.     Defendants' use of its infringing DERMA*SILK*Rx logo and design is likely to cause confusion as to the source of PureTek's <u>DERMACINRx Family of Products</u> and is likely to cause others to be confused or mistaken into believing that there is a relationship between Defendants on the one hand, and PureTek or <u>DERMACINRx</u> on the other hand, or that DERMA*SILK*Rx products are affiliated with or sponsored by Plaintiff.

60.     The above-described acts and practices by Defendants are likely to mislead or deceive the general public and therefore constitute unfair competition in violation of California Business & Professions Code §§ 17200, et seq.

61.     The above-described acts constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are, therefore, unlawful acts in violation of California Business & Professions Code §§ 17200, et seq.

62.     Defendants acted willfully and intentionally in designing the infringing trademarks, with full knowledge of Plaintiff's prior rights in the distinctive <u>DERMACINRx Family of Trademarks</u> and with intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between PureTek and PATCHWERX LABS or between Plaintiff's <u>DERMACINRx Family of Products</u> and Defendants' Infringing DERMA*SILK*Rx products.

63.     The unlawful, unfair, and fraudulent business practices of Defendants described above present a continuing threat to, and are meant to deceive members of, the public in that Defendants will promote the Infringing DERMA*SILK*Rx

-18-

Products by wrongfully trading on the goodwill of the <u>DERMACINRx Family of Trademarks</u>.

64.    As a direct and proximate result of these acts, Defendants will profit from the strength of the <u>DERMACINRx Family of Trademarks</u>.

65.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff will be injured in fact and will lose market share, money, and profits, and such harm will continue unless Defendants' acts are enjoined by the Court. Plaintiff has no adequate remedy at law for Defendants' violation of Plaintiff's rights.

66.    Defendants should be required to restore to Plaintiff any and all profits earned as a result of their unlawful and fraudulent actions, or to provide Plaintiff with any other restitution as the Court deems appropriate.

## **SIXTH CLAIM FOR RELIEF**

(Common Law Unfair Competition)

AGAINST ALL DEFENDANTS

67.    Plaintiff incorporates and realleges paragraphs 1 through 66 of this Complaint.

68.    Defendants actions with respect to unauthorized use of Plaintiff's <u>DERMACINRx Family of Trademarks</u> constitute common law unfair competition.

69.    Plaintiff has been, and will continue to be, seriously and irreparably damaged unless Defendants, each of them, are preliminarily and permanently enjoined from using the <u>DERMACINRx Family of Trademarks</u>.

-19-

70.    By reason of Defendants' actions, Defendants, each of them, have unlawfully profited, and Plaintiff has been damaged in amounts which have not yet been fully determined.

71.    Plaintiff is entitled to Defendants' profits and to recover its damages, its attorney's fees and costs and disbursements incidental to its claim of common law unfair competition.

## SEVENTH CLAIM FOR RELIEF

(Unjust Enrichment)

AGAINST ALL DEFENDANTS

72.    Plaintiff incorporates and realleges paragraphs 1 through 71 of this Complaint.

73.    As a result of the conduct alleged herein, Defendants, each of them, will be unjustly enriched to Plaintiff's detriment.

74.    Plaintiff seeks a worldwide accounting and disgorgement of any and all ill-gotten gains and profits that result from Defendants' inequitable activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PureTek prays for relief, as follows:

1.    An order preliminarily and permanently enjoining Defendant PATCHWERX LABS, INC., SAFE CHAIN SOLUTIONS, GULF COAST DERMA and MAXIMED and their officers, directors, agents, servants, employees,

-20-

affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, including but not limited to Defendant PAUL SMITH, from directly or indirectly infringing the <u>DERMACINRx</u> brand, or using any other product or packaging design or designations similar to or likely to cause confusion with the Plaintiff's <u>DERMACINRx Family of Products</u>, including but not limited to the infringing DERMA*SILK*Rx name, from passing off Plaintiff's products as being associated with and/or sponsored or affiliated with DERMACINRx, from committing any other unfair business practices directed toward obtaining for themselves the business and customers of DERMACINRx, and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Plaintiff's <u>DERMACINRx Family of Products</u>;

2.      Actual damages suffered by Plaintiff as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

3.      Reasonable funds for future corrective advertising;

4.      An accounting of Defendants' profits from the complained of conduct pursuant to 15 U.S.C. § 1117;

5.      A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

6.      Punitive damages pursuant to California Civil Code § 3294;

7.      Restitution against Defendants and in favor of Plaintiff, including disgorgement of wrongfully obtained profits and any other appropriate relief;

-21-

8.     Costs of suit and reasonable attorneys' fees;

9.     Any other remedy to which Plaintiff may be entitled, including all remedies provided for in 15 U.S.C. §§ 1116, 1117, Cal. Bus. & Prof Code §§ 17200, et seq., 17500, et seq., and under any other California law.

DATED:   September 24, 2015          MOHAJERIAN, a Professional Law Corp.

By:   *Al Mohajerian*
      AL MOHAJERIAN, ESQ.
      Attorneys for Plaintiff
      PURETEK  CORPORATION

-22-

1

2

## <u>DEMAND FOR JURY TRIAL</u>

3

4

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

5

PURETEK hereby demand trial by jury on all issues raised by the Complaint.

6

7

DATED:   September 24, 2015          MOHAJERIAN, a Professional Law Corp.

8

9

10

11

By: _____

12

AL MOHAJERIAN, ESQ.
Attorneys for Plaintiff
PURETEK  CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-