1
2
3
4
5
6
7

8         **UNITED STATES DISTRICT COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA**

10

11   PURETEK CORPORATION,                CASE NO. 2:15-cv-07044 DMG (JPR)

12   a California Corporation,           **STIPULATED PROTECTIVE
                                         ORDER**
13               Plaintiff,

14
          v.
15

16   PATCHWERX LABS, INC. a Delaware
     corporation, PAUL SMITH, an
17   individual, GULF COAST
     PHARMACEUTICALS PLUS, LLC, a
18   Mississippi Limited Liability Company,
     SAFE CHAIN SOLUTIONS, LLC, a
19   Maryland Limited Liability Company,
     and MAXIMED, A New York
20   Corporation,
21
22               Defendants.
23

24   **1.    <u>PURPOSE AND LIMITS OF THIS ORDER</u>**

25         Discovery in this action is likely to involve confidential, proprietary, or

26   private information requiring special protection from public disclosure and from

27   use for any purpose other than this litigation.  Thus, the Court enters this Protective

28   Order.    This Order does not confer blanket protections on all disclosures or

responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

As used in this Order, "CONFIDENTIAL" information and materials shall include all information and materials that have not been made public, the disclosure of which the disclosing party contends could cause harm to its business operations or provide improper advantage to others. "Confidential" information and materials shall include, but shall not be limited to information that concerns or relates to (1) sales, marketing, manufacturing, or research and development; (2) financial performance; (3) manufacturing or other costs of doing business; (4) licenses or other confidential agreements; and/or (5) technical details of products or methods of doing business and/or marketing;

As used in this Order, "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" information and materials shall include trade secrets within the meaning of the Uniform Trade Secrets Act and all information and materials that the disclosing party has reasonable grounds to believe would, if known to any officer, director, employee, or agent of a receiving party, or to the public, lead to a significant harm or injury to the reputation and/or business of the disclosing party or provide improper advantage to others.

## 2. DESIGNATING PROTECTED MATERIAL

**2.1 Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents,

PROTECTIVE ORDER 15-07044

items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited.  Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator.  Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm.  Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest.  If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2    Manner and Timing of Designations**.  Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY") to each page or item that contains protected material.  For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted.  It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.  Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the

title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3    Inadvertent Failures to Designate**.  An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## 3.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

## 4.    ACCESS TO DESIGNATED MATERIAL

**4.1    Basic Principles**.  A receiving party may use designated material only for this litigation.  Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2    Disclosure of CONFIDENTIAL Material**.  Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

4.2.1  The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

4.2.2  The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

4.2.3 Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

4.2.4 The Court and its personnel;

4.2.5 Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

4.2.6 During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

4.2.7 The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.3   Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material**.  Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

4.3.1 The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

4.3.2 The Court and its personnel;

4.3.3 Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

4.3.4 The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.4   Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY**.  Unless agreed to in writing by the designator:

PROTECTIVE ORDER 15-07044

4.4.1  A party seeking to disclose to in-house counsel or the employees or officers of the receiving party ("proposed recipient") any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the proposed recipient, the city and state of his or her residence, and the recipient's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.

4.4.2  A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past two years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past two years.  If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

4.4.3 A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the

1 identified recipient unless, within seven days of delivering the request, the party
2 receives a written objection from the designator providing detailed grounds for the
3 objection.

4        4.4.4  All challenges to objections from the designator shall proceed
5 under L.R. 37-1 through L.R. 37-4.

6 **5.**     **PROTECTED MATERIAL SUBPOENAED OR ORDERED**
7 **PRODUCED IN OTHER LITIGATION**

8     **5.1**     **Subpoenas and Court Orders**.  This Order in no way excuses non-
9 compliance with a lawful subpoena or court order.  The purpose of the duties
10 described in this section is to alert the interested parties to the existence of this
11 Order and to give the designator an opportunity to protect its confidentiality
12 interests in the court where the subpoena or order issued.

13     **5.2**     **Notification Requirement**.  If a party is served with a subpoena or a
14 court order issued in other litigation that compels disclosure of any information or
15 items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL
16 – ATTORNEY EYES ONLY it must:

17        5.2.1  Promptly notify the designator in writing.  Such notification
18 shall include a copy of the subpoena or court order;

19        5.2.2  Promptly notify in writing the party who caused the subpoena or
20 order to issue in the other litigation that some or all of the material covered by the
21 subpoena or order is subject to this Order.  Such notification shall include a copy of
22 this Order; and

23        5.2.3  Cooperate with all reasonable procedures sought by the
24 designator whose material may be affected.

25     **5.3**     **Wait For Resolution of Protective Order**.  If the designator timely
26 seeks a protective order, the party served with the subpoena or court order shall not
27 produce any information designated in this action as CONFIDENTIAL or HIGHLY
28 CONFIDENTIAL – ATTORNEY EYES ONLY before a determination by the

PROTECTIVE ORDER 15-07044

court where the subpoena or order issued, unless the party has obtained the designator's permission or a court so orders. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**6. <u>UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL</u>**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**7. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If a receiving party learns that it has received from a disclosing party a document or thing that appears on its face to contain privileged material that has been inadvertently disclosed, the receiving party shall immediately notify the disclosing party of the identity of the material that appears on its face to be privileged. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

**8. <u>FILING UNDER SEAL</u>**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the

1   specific material at issue.  The fact that a document has been designated under this

2   Order is insufficient to justify filing under seal.  Instead, parties must explain the

3   basis for confidentiality of each document sought to be filed under seal.  Because a

4   party other than the designator will often be seeking to file designated material,

5   cooperation between the parties in preparing, and in reducing the number and extent

6   of, requests for under seal filing is essential.  If a *receiving party's* request to file

7   designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then

8   the receiving party *may file the material in the public record* unless (1) *the*

9   *designator* seeks reconsideration within four days of the denial, or (2) as otherwise

10  instructed by the Court.

11  **9.    FINAL DISPOSITION**

12          Within 60 days after the final disposition of this action, each party shall

13  return all designated material to the designator or destroy such material, including

14  all copies, abstracts, compilations, summaries, and any other format reproducing or

15  capturing any designated material.  The receiving party must submit a written

16  certification to the designator by the 60-day deadline that (1) identifies (by

17  category, where appropriate) all the designated material that was returned or

18  destroyed, and (2) affirms that the receiving party has not retained any copies,

19  abstracts, compilations, summaries, or any other format reproducing or capturing

20  any of the designated material.  This provision shall not prevent counsel from

21  retaining an archival copy of all pleadings, motion papers, trial, deposition, and

22  hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

23  expert reports, attorney work product, and consultant and expert work product, even

24  if such materials contain designated material.  Any such archival copies remain

25  subject to this Order.

26  /     /      /

27  /     /      /

28  /     /      /

1    /     /     /

2    /     /     /

3    /     /     /

4    /     /     /

5       IT IS SO STIPULATED this 6th day of July, 2016.

6  MOHAJERIAN APC            GALLAGHER & KENNEDY, P.A.

7

8  By: */s/ (physically signed separately)*    By: */s/ Kenneth M. Motolenich-Salas*

9  Al Mohajerian                  Kenneth M. Motolenich-Salas

10  *Attorney for Plaintiff Puretek Corp.*    *Attorney for Defendants Patchwerx*
                                              *Labs, Inc. and Paul Smith*

11

12                           CRONE HAWXHURST LLP
                           By: */s/Daryl Crone with permission*

13                             Daryl M. Crone

14                           *Attorney for Defendant Safe Chain*
                           *Solutions, LLC*

15

16                           GORDON REES LLP
                           By: */s/ Douglas Van Blarcom with*

17                             *permission*

18                             Douglas Van Blarcom
                           *Attorney for Defendant Gulf Coast*

19                           *Pharmaceuticals Plus, LLC*

20             Local Rule 5-4.3.4(a)(2)(i) Certification

21       I attest that Al Mohajerian, Daryl Crone, and Douglas Van Blarcome gave

22  me their permission to affix their electronic signatures to this document and

23  electronically file it.

24  */s/ Kenneth M. Motolenich-Salas*
    Kenneth M. Motolenich-Salas

25

26

27

28

1  **IT IS SO ORDERED.**

2  DATED:  July 18, 2016

_____

Hon. Jean P. Rosenbluth
United States Magistrate Judge

## EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the cases of *Puretek Corp. v. Patchwerx Labs, Inc. et al..,* Case No. 2:15-cv-07044 DMG (JPR). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:

PROTECTIVE ORDER 15-07044

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to this action.  My business address is GALLAGHER & KENNEDY, P.A., 2575 E. Camelback Road, Phoenix, AZ 85016.  I served:

**STIPULATED PROTECTIVE ORDER**

on all interested parties to this action in the manner prescribed as follows:

<u>x</u> **CM/ECF:**  I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing, which transmits a Notice of Electronic Filing to the CM/ECF registrants listed above.

_____ **MAIL:**  I placed true and correct copies of the document(s) in the sealed envelope(s) addressed to the above addressee(s).  I am readily familiar with Gallagher & Kennedy, P.A.'s practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

_____ **FAX**:  I caused the within document to be transmitted via facsimile transmission to the above-addressee(s) at the above facsimile number(s) before 5:00 p.m. Pacific Time on the above date.

_____ **EMAIL**:  I transmitted true copies of the within document electronically by means of email to the above addressee(s) at the above email address(es).

_____ **HAND**:  I caused the within document to be hand-delivered to the above addressee(s) at the above address(es).

_____ **FEDEX**:  I caused the within document to be delivered by Federal Express to the above addressee(s) at the above address(es).

Executed on this 6th day of July, 2016, at Phoenix, Arizona.

By:   /s/ Gloria Kannberg
Gloria Kannberg

5296770v1/26987-0002

PROTECTIVE ORDER 15-1027